IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRYANT, | ) | CASE NO. 4:03 CV 1269 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before the Court is William Bryant's amended petition for a writ of habeas corpus stating seven grounds for relief.[1]  The state acknowledges custody of Bryant upon conviction for murder[2] but asserts that all grounds for relief claimed in the petition are procedurally defaulted.[3]

For the reasons that follow, the Magistrate Judge recommends finding all grounds posited by Bryant in the petition to be procedurally defaulted and dismissing them with prejudice.

---

[1] ECF # 25.  The amended petition was filed pursuant to ECF # 20.

[2] ECF # 13 at 1.

[3] ECF # 32 at 6-8.

## II.  Facts

**A.**     **Trial**

The state appellate court summarized the relevant facts of Bryant's trial as follows:

Bryant had an approximately nine year relationship with Jeannette Thomas (hereinafter "Thomas").  The couple lived together in Thomas' house and, on occasion, fought.  On January 2, 1998, a 911 call was placed from Thomas' address.  In that phone call, Thomas screamed that Bryant was killing her.  The dispatcher contacted the police and informed them of a stabbing in progress at Thomas' address.  Upon arrival, the officers found Thomas in the bedroom unconscious.

Thomas suffered two main patterns of injury.  There were multiple stab wounds; five in her back and one on her left side.  A knife blade was sticking out of her back and a knife was sticking out of her side.  Thomas also suffered fourteen blunt injuries to her head and one blunt impact injury to her back with a curved pattern causing fractures, brain damage and bleeding.  A ball peen hammer with the handle broken off was found next to her body.  Thomas died at the hospital and the coroner pronounced her death to be a homicide.

Approximately half an hour later, Bryant placed a 911 call from his sister's home asking about Thomas' condition.  He sais that he had been in a fight with Thomas and he wanted to turn himself in.  When officers arrived, Bryant came out of the house with blood on his pants and jacket and was arrested and Mirandized.

Before Bryant was questioned by police at the station, he was Mirandized again.  During the videotaped questioning Bryant was cooperative and gave a written statement.  He claimed his actions were in self defense because of the following events: While lying in bed together, Thomas, who was high on cocaine, accused him of "messing around" with another woman in her presence.  She then grabbed a knife from the window sill above the bed and attempted to stab him.  Bryant was forced off the bed and into a corner with Thomas on top of him continuing to stab at him.  In response, Bryant grabbed two knives and a ball peen hammer off the window sill to stab and hit her.  It is Bryant's contention that while Thomas, 220 lbs., was on top of him, he reached around to stab her in the back and then hit her with the hammer.  Once Thomas moved away from him to call 911, Bryant went to the bathroom

to wash his hands and, listening to her phone call with 911 and knowing "help" was on its way, he put his jacket on and departed.[4]

To rebut Bryant's claim of self defense, the state, using testimony from the coroner and photographs of the victim's body, argued that "most of the blows were to the victim's back and back of her head.  There were no defensive wounds found on the victim's hands."[5] Further, the state emphasized that the victim was blind,[6] although Bryant contended that blindness alone would not preclude someone from posing a threat.[7]  There was no dispute that Thomas was "high on cocaine,"[8] but the coroner testified that Thomas "did not die from the cocaine."[9]

In the end, the state appeals court noted, "[t]he jury had before them evidence of two versions of events.  Which one they chose to believe was within their discretion."[10] The jury found Bryant guilty of one count of murder and was sentenced to prison for fifteen years to life.[11]

---

[4] *State v. Bryant*, No. 99 CA 135, 2001 WL 1568878, at *1 (Ohio App. 7 Dist. Dec. 4, 2001).  A copy of this opinion is attached for the convenience of the District Judge.

[5] *Id.* at *7.

[6] *Id.* at *10.

[7] *Id.* at *6.

[8] *Id.* at *8.

[9] *Id.* at *7.

[10] *Id.*

[11] *Id* at *1.

**B.     Appeals and post-conviction petitions**

Bryant, through counsel, timely appealed his conviction to the Ohio appeals court,[12]

raising four assignments of error:

> 1.     The trial court committed reversible error when it allowed into evidence statements made by Defendant-Appellant during an examination relating to his mental condition at the time of the alleged commission of the offense.
>
> 2.     The trial court committed reversible error when it permitted the video taped statement of Defendant-Appellant to be viewed by the jury.
>
> 3.     The trial court committed reversible error by admitting into evidence "gruesome photographs" of the murder victim as they tend to unreasonably inflame the jury against Defendant-Appellant.
>
> 4.     The verdict of the jury was against the manifest weight of the evidence, as the evidence and testimony presented at trial could not support a conviction.[13]

The state filed a brief in opposition[14] and Bryant, now acting *pro se*, sought to file a

supplemental reply brief.[15]  The appeals court affirmed the decision of the trial court while

refusing to consider the argument raised in Bryant's *pro se* filing, noting that Bryant was

already represented by counsel who had filed a brief on his behalf and had not obtained leave

of court to *pro se* raise additional issues.[16]

---

[12] *Id.*

[13] ECF # 15 at 31.

[14] *Id.* at 62.

[15] *Id*. at 90.

[16] *Bryant*, 2001 WL 1568878, at *8.

-4-

Bryant's motion for reconsideration was denied as untimely.[17]

Bryant also appealed to the Ohio Supreme Court, raising the following propositions of law:

1. The trial court committed reversible error when it allowed into evidence statements made by Defendant-Appellant during an examination relating to his mental condition at the time of the alleged commission of the offense.

2. The trial court committed reversible error when it permitted the video taped statement of Defendant-Appellant to be viewed by the jury.

3. The trial court committed reversible error by admitting in evidence "gruesome photographs" of the murder victim as they tend[ed] to unreasonably inflame the jury against Defendant-Appellant.

4. The verdict of the jury was against the manifest weight of the evidence, as the evidence and testimony presented at trial could not be support [*sic*] a conviction.[18]

The state opposed Bryant's motion for leave to appeal,[19] and the Ohio Supreme Court denied Bryant leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[20]

Bryant thereupon filed an Ohio Appellate Rule 26(B) motion with the Ohio appeals court to reopen his appeal on the grounds that his appellate counsel was ineffective for failing

---

[17] ECF # 15 at 115.

[18] *Id.* at 117.

[19] *Id.* at 171.

[20] *Id.* at 193.

to argue on appeal that Bryant's trial counsel was ineffective.[21]  After receiving a brief in opposition from the state,[22] the appeals court denied Bryant's motion to reopen his appeal.[23]

Bryant timely appealed that decision to the Ohio Supreme Court,[24] which, after receiving a brief in opposition from the state,[25] dismissed the appeal as not involving any substantial constitutional question.[26]

Thereupon, Bryant sought post-conviction relief from the trial court, claiming:

1.      Bryant was denied his right to effective assistance of counsel.

2.      Bryant was compelled to testify against himself.

3.      Bryant was denied the right to compel the testimony of favorable witnesses.[27]

The state trial court dismissed Bryant's petition as untimely.[28]

Bryant appealed, asserting a single assignment of error:

The trial court erred in dismissing the appellant's petition for post-conviction relief without a proper motion for summary judgment, answer

---

[21] *Id.* at 194.

[22] *Id.* at 208.

[23] *Id.* at 214.

[24] *Id.* at 220.

[25] *Id.* at 247.

[26] *Id.* at 255.

[27] ECF # 16 at 638.

[28] *Id.* at 653.  "This Court finds that Defendant's Petition is untimely, that there is no proper justification for filing the petition beyond the 180 day time requirement, and this Court may not consider the merits of the claim."

from the State [and] without giving notice to petitioner, thus violating the petitioner's due process rights under the United States of America and State of Ohio Constitutions.[29]

The appeals court affirmed the trial court's dismissal of Bryant's post-conviction motion, noting that "when a petition for post-conviction relief is filed untimely and does not meet the exception for delay, the court lacks jurisdiction to entertain the merits of the petition or to hold a hearing."[30] Bryant did not appeal this decision to the Ohio Supreme Court.

## C.    Federal habeas petition

Bryant asserts seven grounds for relief in his habeas petition:

1.    Conviction was obtained by use of statements made by petitioner during court-ordered mental examination. The respondent introduced statement of petitioner made during course of court-ordered mental examination for purposes of establishing guilt. Though such statement may be used to refute assertion of mental incapacity, it may not be used to show he committed the offense charged per the 5th & 14th Amendment[s] to the U.S. Constitution.

2.    Conviction was obtained by use of evidence obtained in violation of petitioner's rights. The trial court denied the petitioner's motion to suppress statements made by the petitioner without his proper waiver of his constitutional rights guaranteed by the 5th and 14th Amendments of the U.S. Constitution.

3.    The conviction was obtained by use of inflammatory and prejudicial evidence. The trial court permitted the respondent to introduce highly prejudicial and inflammatory photos for the purpose of inciting emotion from the jury. The evidence, when allowed to be presented, must have a relevant effect where the issue of material must be weighed against the danger of unfair prejudice to the defendant. The evidence that was presented was inflammatory and created an unconstitutional prejudice against the petitioner.

---

[29] *Id.* at 663.

[30] *Id.* at 721.

4.      The conviction was against the manifest weight of the evidence.  The jury rendered a verdict against the manifest weight of the evidence when it found the defendant-petitioner guilty on the face of evidence that was contradictory, uncertain, unreliable and vague, with witness testimony that was impeached and self-serving.

5.      The petitioner was denied his right to effective assistance of counsel in violation of the 6th and 14th Amendments to the U.S. Constitution. Counsel's performance was deficient in that he failed in his duties under law, to wit: failure to investigate; failure to subpoena expert witness and 911 tape; failure to object to admission of other 911 tapes; failure to move for a continuance or funds for expert witness; failure to impeach witness' testimony; failure to develop material facts; cumulative errors.

6.      Petitioner was compelled to testify against himself in violation of the 5th and 14th Amendments to the U.S. Constitution.  After the Court refused to allow a self-defense instruction to the jury due to counsel's failure to present one, petitioner had no choice but to testify in order to try and save this defense.

7.      Petitioner was denied the right to compel testimony favorable to him in violation of the 6th and 14th Amendments to the U.S. Constitution. Petitioner was denied the favorable testimony in the form of mental health records of the deceased and an expert witness to support his claim of self defense, a denial which was evidenced by the trial court's refusal to allow a self-defense instruction to the jury.[31]

### III.   Analysis

**A.      Jurisdiction and statute of limitations**

As noted, Bryant is currently incarcerated as a result of a state conviction.  Moreover, he filed this petition within one year[32] of the Ohio Supreme Court denying his motion to

---

[31] ECF # 25.

[32] *See* 28 U.S.C. § 2244(d).

appeal,[33] such time not including the period during which Bryant was litigating his post-conviction claims in the Ohio courts.[34]  Accordingly, and inasmuch as there is no evidence of any prior petition, Bryant's petition should be considered timely, and the Court should find jurisdiction.

## B.   Grounds for relief five, six, and seven of Bryant's petition are unexhausted and procedurally defaulted.

A federal habeas petitioner is required to first exhaust all remedies available to him in state court.[35]  Normally, this process is satisfied when a petitioner gives "... the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[36]  If the petitioner has failed to exhaust a claim, he additionally procedurally defaults it if the unexhausted state court remedy is no longer available.[37]

A careful review of the state court record here discloses that Bryant raised the claims now asserted as the fifth, sixth, and seventh grounds for relief in the federal petition for the

---

[33] ECF # 15 at 193 (leave denied March 20, 2002).

[34] *Cowherd v. Million*, 380 F.3d 909, 914 (6th Cir. 2004) (overruling *Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999) and concluding that state post-conviction application need not raise federal constitutional questions to toll statute of limitations for federal habeas action).

[35] 28 U.S.C. § 2254(b)(1)(A).

[36] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[37] *Id*. at 848.

first time in his state post-conviction petition.[38]  The trial court denied that petition as untimely,[39] and the court of appeals affirmed the denial on that ground.[40]  Bryant took no appeal to the Ohio Supreme Court.

As to grounds five, six, and seven, therefore, Bryant has failed to invoke one complete round of review in Ohio's appellate process.  The time for appeal to the Ohio Supreme Court from the appellate court's affirmance of the denial of the post-conviction petition has passed.[41]  By the express terms of Ohio Supreme Court Rule of Practice II § 2(A)(4)(b), delayed appeal cannot be taken in a case involving post-conviction relief.  Bryant's unexhausted federal habeas claims, therefore, are procedurally defaulted and must be dismissed.[42]

**C.  Grounds for relief one, two and portions of three of Bryant's petition are procedurally defaulted on application of various state procedural rules.**

Bryant's assertions that improper use was made at trial of statements he made at a mental competency examination (ground one); that the trial court improperly denied his motion to suppress videotaped statements made to police (ground two); and the trial court improperly permitted the use of "gruesome" photographs of the victim (ground three) were not considered on the merits by that state appeals court due to procedural reasons.

---

[38] ECF # 16 at 638.

[39] *Id*. at 653.

[40] *Id.* at 721.

[41] Ohio S. Ct. R. Prac. II § 2(A)(1)(a).

[42] *Boerckel*, 526 U.S. at 848.

*1.      Use at trial of statements made in a competency examination*

The state appeals court, after recounting the trial questioning of Bryant by the prosecutor that elicited the reference to Bryant's competency evaluation, noted that, of the nine questions involved, "Bryant did not object to the first eight questions, thereby waiving the issue on appeal."[43]  Further, the appellate court observed that when Bryant's counsel objected to the ninth question, "the objection was sustained [and] [t]here were no motions made by defense counsel to strike the testimony or to have the court give the jury a curative instruction...."[44]

Although noting that Bryant, by failing to object at trial, had waived this argument for appeal, the appeals court also reviewed the applicable federal law concerning use of statements made in mental competency evaluations.  The state court concluded that statements made without a Miranda warning and a knowing waiver of rights may not be used to establish guilt, but may be employed to impeach credibility.[45]  The reviewing court here found that the state had used Bryant's statement to the medical evaluator that he "snapped" when he attacked the victim to impeach his trial position that he was acting in self-defense.[46]

Where, as here, the state court did not exclusively rely on the stated procedural bar as an "adequate and independent" basis for its decision, but also addressed the underlying

---

[43] *Bryant*, 2001 WL 1568878, at *2.

[44] *Id.*

[45] *Id.*, citing *Estelle v. Smith*, 451 U.S. 454 (1981), and *Calloway v. Wainwright*, 409 F.2d 59 (5th Cir. 1968).

[46] *Id.*

merits, the procedural bar will be deemed to have been invoked and federal habeas review on the merits will depend on a showing of cause and prejudice.[47]

Here, Bryant does not seek to show cause why his trial counsel did not object to the state's line of questioning.[48]  Absent such a showing, the Ohio court's application of the state's contemporaneous objection rule is a bar to further review by a federal habeas court.[49]

## 2.    *Use of the videotaped statement*

The state appeals court also enforced a state procedural bar to consideration of Bryant's second habeas claim.  Bryant then, as here, challenged the correctness of the trial court's admission into evidence of his videotaped statement to police.  The appellate court, however, never reached the merits of Bryant's claim because Bryant failed to provide the court, contrary to Ohio Appellate Rule 9(B), with a transcript of the suppression hearing, leaving the reviewing court, pursuant to Ohio law, with "no choice but to presume the validity of the lower court's proceedings."[50]

Here, the state court exclusively relied on the provisions of Ohio Appellate Rule 9(B) to uphold the trial court's action and never ventured an opinion as to the merits of Bryant's

---

[47] *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

[48] Bryant's fifth ground for habeas relief, ineffective assistance of counsel, which has previously been recommended to be found procedurally defaulted, lists seven specific ways he feels counsel was ineffective but does not mention failure to object to questions arising out of the competency evaluation.

[49] *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003).

[50] *Bryant*, 2001 WL 1568878, at *3, quoting *Knapp v. Edwards Labs*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980).

-12-

assertions in this regard.  Further, as with the prior claim, Bryant has advanced no cause in this petition for his failure to comply with Ohio Appellate Rule 9(B).[51]  Accordingly, the Magistrate Judge recommends that this claim be found to be procedurally defaulted.

### 3.      Use of autopsy photograph of the victim's face

Bryant's third purported basis for habeas relief is that the state improperly presented autopsy photographs of the victim to the jury, particularly photographs of the injuries to her face and head.  He contends here that the photographs were "highly prejudicial and inflammatory."[52]

The state appeals court was careful to distinguish the reasoning employed for its decision as to the six autopsy photographs admitted as evidence at trial.  The court initially noted that use of the autopsy photograph of the victim's face was never objected to by Bryant at trial and so "Bryant has waived this issue [on appeal]."[53]  The court then proceeded to address the admission of the other five autopsy photographs as a state law evidentiary matter within the discretion of the trial court.[54]

As with all other instances of procedural default, Bryant does not offer any cause for his failure to here follow Ohio's contemporaneous objection rule regarding the facial

---

[51] Again, Bryant's fifth claim – ineffective assistance of counsel – specifies seven ways he believes trial counsel was constitutionally ineffective, none of which relate to the failure to provide an appellate record for this issue.

[52] ECF # 25 at 5.1.

[53] *Bryant*, 2001 WL 1568878, at *4.

[54] *Id.*

photograph of the victim.  As previously noted, the contemporaneous objection rule in Ohio is considered an adequate and independent state basis for precluding federal habeas review.[55]

Therefore, the Magistrate Judge recommends dismissal as procedurally defaulted of that portion of Bryant's third basis for habeas relief that relates to the admission into evidence of the facial autopsy photograph.  The balance of this ground for relief will be considered below.

**D.    The balance of grounds for relief three and four are procedurally defaulted as not being first fairly presented to state courts.**

The Sixth Circuit has held that a petitioner may show that he has "fairly presented" both the factual and federal constitutional bases for his claim to state courts in any of the following ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance on state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.[56]

Claims must be presented in the context of federal constitutional law, not state law.[57] General allegations of the denial of rights to "due process" or a "fair trail" do not fairly present claims that a specific constitutional right was violated.[58]  "To escape procedural

---

[55] *Mason*, 320 F.3d at 635.

[56] *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

[57] *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

[58] *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *McMeans*, 228 F.3d at 681)).

-14-

default, [such claims] must themselves be fairly presented, rather than functioning as catch-all language appearing within the presentation of other non-constitutional arguments."[59]

Here, Bryant has consistently stated his arguments concerning the evidentiary use of the autopsy photographs and the weight of the evidence to convict him solely as issues of state law.[60]  Moreover, the question of whether a conviction is supported by the manifest weight of the evidence is purely a question of state law and does not involve a federal constitutional claim.[61]

Inasmuch as Bryant has presented these claims to Ohio courts purely as matters of state law, they were considered as such by the state courts, and they are now cast in terms of state law in the habeas petition now before this Court, the Magistrate Judge recommends that the remaining portion of ground three and all of ground four be dismissed as procedurally defaulted for lack of fair presentment of any federal claim to the state courts.

---

[59] *Id.* at 401.

[60] *See*, ECF # 15 at 31 (state appellate brief) and 117 (brief to Ohio Supreme Court); *see also*, ECF # 25 (amended petition) and ECF # 36 (Bryant's traverse).

[61] *See*, *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002).  The state has erroneously framed its response here as if Bryant was challenging the sufficiency of the evidence against him, *e.g.*, ECF # 13 at 17-19, whereas Bryant's petition specifically asserts that his conviction was against the "manifest weight of the evidence," arguing that the evidence was "contradictory, uncertain, unreliable and vague." ECF # 25 at 5.1.

## IV.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends that Bryant's petition

be dismissed as procedurally defaulted as specifically applied to each claim.


Dated:  May 1, 2006                                   s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within ten (10) days of receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the District Court's order.[62]

---

[62] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v.
Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-16-