ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRYANT, | ) | |
| | ) | CASE NO. 4:03CV1269 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| STUART HUDSON, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Petitioner William Bryant's Objections to the Magistrate Judge's Report and Recommendation (Report). In his Report, the Magistrate Judge recommended that this Court deny all seven grounds of relief asserted in Bryant's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Specifically, the magistrate determined that Petitioner had failed to exhaust his state remedies, as is required by § 2254, and failed to comply with various state procedural rules in presenting his appeal to the state courts. Having reviewed the Report and considered Petitioner's timely objections, the Court hereby ADOPTS the magistrate's report and DISMISSES Petitioner's claims.

**I. Facts & Procedure**

A jury convicted Petitioner of one count of murder, rejecting his claim that he had killed the victim, who was blind, in self-defense. Petitioner appealed to the Ohio Court of Appeals, Seventh Appellate District, raising four assignments of error: (1) the trial court erred by admitting into evidence statements Petitioner made during a mental examination; (2) the trial court erred when it permitted the jury to view a videotaped statement made by Petitioner to police; (3) the trial court erred by admitting into evidence unreasonably inflammatory autopsy photographs of the victim; and (4) the jury's verdict was against the manifest weight of the evidence. The Seventh Appellate District affirmed the jury's verdict and then denied Petitioner's

motion for reconsideration as untimely filed. Petitioner subsequently appealed to the Ohio Supreme Court, raising the same four assignments of error. The Ohio Supreme Court denied Petitioner leave of appeal, finding his case did not involve substantial constitutional questions.

Petitioner then filed a motion pursuant to Ohio App. R. 26(B) to re-open his appeal on the basis that he received ineffective assistance of appellate counsel. Specifically, Petitioner argued that appellate counsel failed to argue on appeal that his trial counsel was ineffective. The appellate court denied Petitioner's motion to re-open -- a decision Petitioner unsuccessfully appealed to the Ohio Supreme Court. Petitioner then filed a petition for post-conviction relief, which the trial court denied as untimely filed. The state appellate court affirmed the trial court's denial, a decision Petitioner did not appeal to the Ohio Supreme Court.

In his petition for a writ of habeas corpus, Petitioner raises seven grounds for relief: (1) the trial court violated his Fifth and Fourteenth Amendment rights by introducing into evidence Petitioner's statements made during a mental examination; (2) the trial court erroneously denied Petitioner's motion to suppress the videotaped statements; (3) the trial court violated Petitioner's constitutional rights by admitting into evidence prejudicial autopsy photographs; (4) Petitioner's conviction was against the manifest weight of the evidence; (5) Petitioner received ineffective assistance of trial counsel;[1] (6) the trial court compelled Petitioner to testify against himself by virtue of its refusal to instruct the jury on self-defense; and (7) the trial court denied Petitioner his right to present favorable testimony by refusing to admit into evidence the victim's mental-health records and barring an expert from testifying in support of Petitioner's self-defense

---

[1] Petitioner points to six alleged deficiencies in his trial counsel's performance. According to Petitioner, counsel failed to: (1) investigate; (2) subpoena an expert witness and a 911 tape; (3) object to the admission of other 911 tapes; (4) move for a continuance or funds for expert witness; (5) impeach witness testimony; and (6) develop material facts. Petitioner also asserts that these errors were cumulative. *See Pet.'s Amended Petition for a Writ of Habeas Corpus,* ECF Doc. #25 (Dec. 12, 2003).

2

claims.

After reviewing Petitioner's grounds for relief, the Magistrate Judge recommended that this Court deny the petition. The magistrate determined that various procedural bars -- such as Ohio's contemporaneous-objection rule and Ohio App. Rule 9(B) -- require this Court to dismiss Petitioner's claims. The magistrate further found that Petitioner had not first presented several of his claims to the state courts, as is required by federal law, and that Petitioner's claim that his conviction is against the manifest weight of the evidence is not cognizable in habeas corpus.

## II. Law & Analysis

Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court must review *de novo* the portion of the Magistrate Judge's Report to which a specific objection was made. Here, Petitioner specifically objected to the Magistrate Judge's findings that he had procedurally defaulted on his claims and that his manifest-weight claim must fail.

In determining whether a state procedural bar prevents a federal habeas corpus petitioner from asserting his claim, this Court engages in a four-step analysis. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, the Court determines whether a state procedural rule applies to the petitioner's claim and whether the petitioner failed to comply with the rule. *Id.* (citations omitted). Second, the Court decides "whether the state courts actually enforced the state procedural sanction." *Id.* (citations omitted). Third, the Court "must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id.* (citations omitted). Finally, if the Court finds that the petitioner did not comply with the applicable adequate and independent state procedural rule, the petitioner must demonstrate "that there was 'cause' for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.* (citations omitted).

3

The parties here do not dispute that the first three steps of the *Maupin* analysis are satisfied. As a result, the Magistrate Judge focused on the fourth step, finding that Petitioner failed to comply with Ohio's contemporaneous-objection rule and with Ohio App. R. 9(B), and did not present grounds five through seven to the state courts.  The magistrate explained that Petitioner failed to allege cause for and prejudice from the procedural default and, as a result, recommended that this Court dismiss all seven of Petitioner's grounds for relief.  Petitioner asserts in his objections that the various procedural defaults cited in the Report do not apply to him because he received ineffective assistance of trial and appellate counsel.

*A.  Petitioner's first, second and third grounds for relief*

The Court finds that Petitioner has not satisfied his burden of demonstrating cause for and prejudice from his failure to comply with the state procedural rules applicable to the claims he asserts in grounds one, two and three.  In his first three grounds of relief, Petitioner presents claims that he raised on direct review -- specifically, that the trial court should not have admitted into evidence prejudicial statements and autopsy photographs.  In objecting to the magistrate's Report, Petitioner argues that (1) his *trial* counsel's ineffective assistance satisfies the cause-and-prejudice standard for grounds one and three, and (2) his *appellate* counsel's ineffective assistance satisfies the standard for ground two.[2]

The Court agrees with the Magistrate Judge that Petitioner has failed to establish cause for and prejudice from his failure to comply with Ohio's contemporaneous-objection rule, thus resulting in the dismissal of grounds one and three of his petition.  Even assuming Petitioner could demonstrate cause, he has failed to show his attorney's alleged ineffective assistance

---

[2] The Court notes that Petitioner was represented on trial and on appeal by the same appointed counsel, Mr. Douglas Taylor.  This fact probably explains why, in his objections, Petitioner generally does not differentiate between trial and appellate counsel.  The Court, however, has liberally construed Petitioner's *pro se* pleadings in an effort to decipher his arguments.

4

harmed the constitutional claims he asserts in grounds one and three. To establish prejudice, Petitioner would need to demonstrate that, but for his counsel's deficient performance, there is a reasonable probability that the outcome of his trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Landrum v. United States*, 881 F.2d 1076, 1989 U.S. App. LEXIS 11667, *3 (6th Cir. 1989) (petitioner must satisfy *Strickland* test to establish prejudice resulting from failure to comply with Ohio's contemporaneous-objection rule). Because Petitioner has failed to even address the prejudice requirement, this Court agrees with the magistrate that grounds one and three must be dismissed.[3]

The Court also agrees that Petitioner's second ground for relief must be dismissed. Petitioner asserts that, despite his failure to comply with Ohio App. R. 9(B), this Court should address his claim that the trial court erred by denying his motion to suppress. When an appellant alleges the trial court erred in denying a motion to suppress, Rule 9(B) requires the appellant to file a transcript of the suppression hearing with the reviewing court. Failure to do so requires reviewing courts to presume that the trial court properly denied the motion to dismiss. *Knapp v. Edwards Laboratories*, 61 Ohio St. 2d 197, 199 (1980). In recommending the dismissal of Petitioner's second ground for relief, the magistrate explained that Petitioner failed to comply with Rule 9(B) and, as a result, was procedurally barred from raising the claim here. Petitioner argues that his appellate counsel's ineffective assistance resulted in the failure to comply with Rule 9(B). Again, assuming Petitioner has demonstrated cause by virtue of his appellate

---

[3] The magistrate divided Petitioner's third ground for relief into two claims -- first, that the trial court erred by admitting facial autopsy photographs; and second, that the trial court erred by admitting other prejudicial autopsy photographs. Petitioner did not object contemporaneously to the admission of the facial images but did object to the other autopsy photographs. As to the facial images, this Court denies Petitioner's claim on the basis that he failed to comply with the contemporaneous-objection rule. As to the other autopsy images, because Petitioner has not fairly presented his claim for relief in terms of federal constitutional law, this Court cannot review the remainder of his third ground for relief. *See Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (habeas petitioner must present claims in terms of federal constitutional law).

5

counsel's failure to submit a transcript of the suppression hearing, Petitioner has not established prejudice.  Given the copious evidence presented against Petitioner at trial -- including his statements made during his mental-health evaluation and the coroner's testimony that the victim had been stabbed multiple times in the back and side -- this Court cannot say that a reasonable probability exists that the outcome of his appeal would have been different had appellate counsel complied with Rule 9(B).  *See Strickland,* 466 U.S. at 694 .  As such, this Court dismisses Petitioner's second ground for relief.

> *B.  Petitioner's fourth ground for relief*

Petitioner also objects to the magistrate's recommendation that this Court dismiss ground four of his petition.  As noted by the magistrate, a petitioner's claim that his conviction is against the manifest weight of the evidence is a question of state law and is not cognizable in federal habeas review.  *See Nash v. Eberlin*, 437 F.3d 519, 521 (6th Cir. 2006) (claim that conviction is against the manifest weight of the evidence does not raise an issue of federal law).  Petitioner attempts to avoid this procedural bar by arguing that the Court should interpret his fourth ground for relief as one alleging insufficiency of the evidence -- a claim rooted in federal law.  *See id.* (claim based on insufficiency of the evidence is cognizable in habeas review).  The Court is mindful that Petitioner is proceeding *pro se* and thus is not expected to meet the same standards of pleading required of attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, having reviewed Petitioner's fourth ground for relief and the procedural history of his case, the Court finds that Petitioner has not merely confused legal theories or inartfully drafted his pleading but rather has raised a state-law claim in his petition.  Instead of arguing that the Government convicted him based on insufficient evidence, Petitioner asserted in the state courts that the balance of the proof favored him given the allegedly vague and contradictory evidence presented against him -- a claim rooted in state law.  *State v. Bryant*, 99-CA-135, 2001 Ohio

6

App. LEXIS 5465, *14-*15 (7th App. Dist. 2001).  Because Petitioner's manifest-weight claim is not recognized in federal habeas review, this Court must dismiss his fourth ground for relief.

Further, Petitioner's claim would fail even if this Court were to interpret his fourth ground for relief as one alleging insufficiency of the evidence.  In reviewing a challenge based on the sufficiency of evidence, this Court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In addition, a state court's factual determinations are presumed correct -- a presumption a petitioner may overcome only upon presenting clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Applying both *Jackson v. Virginia* and 28 U.S.C. § 2254(e)(1), this Court finds that Petitioner has not satisfied his burden in demonstrating that the evidence presented against him was insufficient to support his murder conviction.

On direct review, the Ohio appellate court detailed the evidence presented against Petitioner:

> The record contains sufficient testimony that, if believed, proves [Petitioner] purposely caused the death of Jeanette Thomas. The coroner testified to fourteen separate wounds caused by blunt force trauma to the victim's head, and six stab wounds to the victim's back and side. In [Petitioner's] own testimony he admitted to repeatedly stabbing the victim with two knives and hitting the victim with a hammer, all of which were recovered at the scene. Although the identity of the perpetrator was not in issue, a 911 recording in which Thomas told the 911 operator that [Petitioner] was killing her, was admitted into evidence. The sheer number and location of the wounds could have convinced a rational trier of fact that Bryant acted purposely.

*Id.* at *15-*16.  The Ohio appellate court also explained that sufficient evidence existed to support the jury's decision to reject Petitioner's theory of self-defense.  For example, the coroner testified that "most of the blows were to the victim's back and the back of her head" and that "[t]here were no defensive wounds found on the victim's hands" -- evidence that cut against

7

Petitioner's self-defense claims. *Id.* at *16.

Here, Petitioner has fallen well short of presenting clear and convincing evidence that the findings noted above are incorrect. In fact, Petitioner failed to specifically challenge the findings and instead simply asserted that the evidence presented at trial was "contradictory, uncertain, unreliable and vague, with witness testimony that was impeached and self-serving."[4] Thus, based on a review of the state courts' findings and the pleadings before this Court, Petitioner has not established the standards contained in *Jackson v. Virginia* and 28 U.S.C. § 2254(e)(1).[5]

### C. *Petitioner's fifth, sixth and seventh grounds for relief*

Petitioner objects to the magistrate's recommendation that his fifth, sixth and seventh grounds be dismissed on the basis that he failed to present these claims to the state courts. Petitioner again argues that he did not raise the claims due to his appellate counsel's ineffective assistance. As noted by the Magistrate Judge, a federal habeas petitioner must first exhaust his available remedies in the state courts -- and if he fails to do so before the state remedy becomes unavailable, he cannot raise the unexhausted claim before a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The magistrate explained that while Petitioner did raise grounds five, six and seven in his *pro se* petition for state post-conviction relief, the state courts never addressed the merits of the claims because Petitioner did not timely file his petition. Further, Petitioner did not appeal the trial court's denial of his petition for post-conviction relief to the Ohio Supreme Court. Because Ohio law prohibits Petitioner from now presenting to a state court the claims he asserts in grounds five, six and seven of his federal petition, the

---

[4] *See Pet.'s Amended Petition for a Writ of Habeas Corpus*, ECF Doc. #25 (Dec. 12, 2003).

[5] Because Petitioner failed to specifically challenge the state-court findings, this Court is not required to examine the transcripts from Petitioner's trial. *See Loveday v. Davis*, 697 F.2d 135, 139 (6th Cir. 1983) (district court not required to review trial transcripts when petitioner generally alleges insufficiency of the evidence and fails to invoke the eight recognized exceptions to the presumption-of-correctness standard).

8

magistrate determined that Petitioner had procedurally defaulted on those claims. *See* Ohio S. Ct. R. Prac. II § 2(A)(1)(a) (appellant must file notice of appeal with Ohio Supreme Court within 45 days from the entry of judgment being appealed); *see also Boerckel*, 526 U.S. at 848 (failure to appeal to state supreme court results in procedural default on federal habeas review).

As noted above, Petitioner's appointed trial counsel also represented him on direct review. The Sixth Circuit has explained that, "if the defendant was represented by the same counsel at trial and on direct appeal, claims of ineffective assistance of *trial* counsel are not defaulted because appellate counsel will rarely assert his own ineffectiveness at trial." *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004) (emphasis in original) (citation omitted). A procedural default does arise, however, if the petitioner fails to properly present his claim of ineffective assistance of trial counsel by means of a motion filed pursuant to Ohio App. R. 26. *Id.* Here, Petitioner was represented at trial and on appeal by the same appointed counsel. Further, Petitioner properly raised the claim in a motion filed pursuant to Ohio App. R. 26. Thus, applying *Hicks*, this Court finds that Petitioner is not procedurally barred from asserting his fifth ground for relief.

However, it is abundantly clear that Petitioner did not receive ineffective assistance of trial counsel and, thus, that his fifth ground for relief must be dismissed on the merits. While Plaintiff asserts six separate claims of ineffectiveness -- such as his attorney's failure to subpoena 911 tapes, retain an expert and develop material facts -- none of these claims standing alone or together lead the Court to believe that a reasonable probability exists that, but for trial counsel's allegedly deficient performance, the outcome of Petitioner's trial would have been different. *See Strickland*, 466 U.S. at 694. As noted above, the evidence presented against Petitioner was staggering. The prosecution eviscerated Petitioner's only theory -- that he had acted in self-defense -- by presenting his own statements that he had "snapped," as well as

9

testimony that the victim had been stabbed repeatedly in the back and sides, had been hit multiple times in the back of the head with a hammer, and did not have any defensive wounds on her hands.  Petitioner points to no specific instances where his attorney failed to impeach this testimony.  Petitioner also does not assert that his trial counsel somehow failed him by not having the trial court suppress his statements that he had "snapped."  Based on the above, the Court dismisses Petitioner's fifth ground for relief.

The Court also dismisses Petitioner's sixth and seventh grounds for relief, finding that he is procedurally defaulted from raising the claims asserted therein.  As noted by the magistrate, Petitioner failed to raise these claims on direct review, presenting them instead in his untimely filed motion for post-conviction relief.  Even assuming the failure to raise the claims on direct review can be attributed to Petitioner's appellate counsel, Petitioner cannot demonstrate cause for and prejudice from the procedural default.  The fact that Petitioner's appellate counsel also represented him at trial has no bearing on the claims asserted in his sixth and seventh grounds for relief.  As a result, the Court agrees with the magistrate that these claims must be dismissed.

### III. Conclusion

For the reasons set forth herein, this Court ADOPTS the Report of the Magistrate Judge.

Accordingly, Petitioner's writ is hereby DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| September 29, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | District Judge |